IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KENNEDY LOUIS, #2212376, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:20-cv-3493-E (BT) |
| DIRECTOR, TDCJ-CID, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael Kennedy Louis, a Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS Louis's petition with prejudice.

## Background

An Ellis County jury found Louis guilty of theft of property in an amount between $1,500 and $20,000, enhanced by two prior state jail felonies: a 1998 robbery conviction and a 1991 burglary of a building conviction. ECF No. 12-2 at 25, 73-74. He was sentenced to twenty years' imprisonment and a $10,000 fine. *See* ECF No. 12-2 at 91. The Tenth Court of Appeals of Texas affirmed the judgment. *Louis v. State,* 2019 WL 2487852, at *1 (Tex. App.—Waco, 2019, pet. ref'd).

Louis filed a petition for discretionary review (PDR), which the Texas Court of Criminal Appeals (CCA) refused. *See id*; *see also* ECF No. 12-22. He then filed a state habeas application, which the CCA denied without written order based on the findings of the trial court without a hearing and on the Court's own independent review of the record. *See Ex parte Louis*, WR-91,243-01 (Tex. Crim. App. July 15, 2020); ECF No. 12-23.

Thereafter, Louis filed this application for federal habeas relief pursuant to 28 U.S.C. § 2254, in which he argues that:

(1)   His sentence was illegally enhanced; and

(2)   His sentence was excessive in violation of the Eighth Amendment.

The State filed a response to Louis's petition. ECF No. 11. Louis did not file a reply.

## Legal Standards and Analysis

Louis seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2254(d):

(d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

2

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004). Absent express factual findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983).

And while the deference afforded by Section 2254(d) "does not require that there be an opinion from the state court explaining the state court's reasoning[,]" *Harrington v. Richter*, 562 U.S. 86, 98 (2011) (citations omitted), when the most recent state court to consider a constitutional issue provides a "reasoned opinion," a federal habeas corpus court must "review[] the specific reasons given by the state court and defer[] to those reasons if they are reasonable." *Wilson v. Sellers*, ---U.S.---, 138 S. Ct. 1188, 1191-92, 200 L.Ed.2d 530 (2018). If the opinion "does not come

3

accompanied with those reasons," a federal court should "'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Id.* But, when no state court decision is accompanied by explanation, the habeas petitioner must show there was "no reasonable basis for the state court to deny relief." *Harrington*, 526 U.S. at 98.

> A. Louis's claim that his sentence violated state law is not cognizable absent a corresponding federal issue, and Louis fails to show that the CCA's rejection of his due process and *ex post facto* claims was unreasonable.

In his first ground for relief, Louis claims that his sentence was illegally enhanced due to a 1995 "savings clause" that excluded a state jail felony from being enhanced by a felony conviction committed prior to January 1, 1996. ECF No. 3 at 12-16. Specifically, he claims that his 1991 conviction for burglary of a building was unavailable to enhance his state jail felony to a second-degree felony. *See* ECF No. 3 at 12-16.

Louis's claim that his sentence enhancement violated Texas law, without some corresponding violation of federal law, is not cognizable on federal habeas review. *See, e.g., Hazlip v. Davis,* 2017 WL 4280727, at *7 (S.D. Tex. Sept. 27, 2017) ("The respondent correctly notes that whether Hazlip's sentence was properly enhanced turns on the state court's interpretation of its own laws. That does not raise a federal constitutional claim and is not subject to federal habeas corpus review.") (citing *Kemph v. Estelle,* 621 F.2d 162, 163 (5th Cir. 1980) (per curiam));

4

*see also Rubino v. Lynaugh*, 845 F.2d 1266, 1271 (5th Cir. 1988) ("[T]he determination of what prior crimes should count for enhancement purposes under Texas law was solely for the State and 'not cognizable' in a federal habeas proceeding."). Indeed, the Supreme Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993); *see also Sessums v. Director*, 2019 WL 945964, at *6 (E.D. Tex. Jan. 31, 2019) ("Finally, petitioner's claim that enhancing a lesser included offense voids the purpose of providing a lesser included offense fails to state a cognizable claim on federal habeas corpus review. Whether an offense has been properly enhanced is generally a matter of state law.") (citations omitted).

As for whether the supposed state-law sentencing error also amounts to a federal constitutional violation, Louis did make this argument to the CCA—specifically that the alleged sentencing error violated his federal right to due process under the Fourteenth Amendment, as well as the *Ex Post Facto* Clause of Article I, § 10 of the Federal Constitution—but it is not clear whether he is making those arguments here. *See, e.g.*, ECF No. 12-24 at 50 (state habeas application).

5

Even if he were, the CCA rejected these arguments, and it was not unreasonable in doing so.

Regarding due process, a violation of state law is only cognizable on habeas review if it renders the trial fundamentally unfair. *See Bigby v. Dretke,* 402 F.3d 551, 574 (5th Cir. 2005) (citations omitted). Louis's argument, as the Court understands it, flows from his assumption that the two prior convictions used to enhance his sentence were elements of the underlying offense. One of those convictions took place in 1991. According to Louis, this is important because the provision of Texas Penal Code Section 12.42 pursuant to which he was sentenced only applies to offenses committed after January 1, 1996. The amending legislation specified that an "offense is committed before the effective date of this act, if any element of the offense occurs before the effective date of the section." *See* Acts 1995, 74th Leg., ch. 318, § 1, eff. Jan. 1 (current version at TEX. PENAL CODE § 12.42). Thus, according to Louis, because one of his sentence-enhancing convictions occurred in 1991, before the effective date of the 1995 amendment, and because that conviction was an element of his offense, his 2018 offense occurred before the 1996 effective date of the statute and his sentence was improperly enhanced.

The trial court entered findings of fact, which the CCA adopted, that squarely rejected this argument:

> *Ground 1 – Due Process*
>
> 3.) Applicant claims his 1991 conviction was not available to enhance his conviction. He argues that because the law in 1995 authorizing the use of felonies to enhance state-jail felonies contained a savings clause

6

> providing that the prior law would control for any offenses committed before the effective date of the statute, then his 1991 prior conviction was before the effective date and the old law applies. Application at 6; Memorandum at 1-2;
>
> 4.) A prior conviction used to enhance punishment is not an element of the offense. *See Oliva v. State,* 548 S.W.3d 518, 531-32 (Tex. Crim. App. 2018);
>
> 5.) Even if the prior conviction were an element, only the *existence* of the prior conviction is relevant. The date it was committed on is not an element. *State v. Mason,* 980 S.W.2d 635, 641 (Tex. Crim. App. 2018).
>
> 6.) Applicant is not entitled to relief on Ground 1.

ECF No. 12-24 at 64-65. Louis fails to demonstrate how the state court's analysis of this issue was flawed. His sentence-enhancing convictions were not elements of the offense of which he was convicted. *See Oliva,* 548 S.W.3d at 531.[1] He has failed to show that the rejection of his claim that his sentence enhancement violated due process—to the extent that he makes that claim here—was contrary to or involved

---

[1] The CCA was not, in *Oliva*, actually addressing Section 12.42 of the Texas Penal Code and whether it makes prior convictions elements of underlying offenses. It was instead considering Penal Code § 49.09(a), "which provides that the existence of a single prior conviction elevates a second DWI offense from a Class B misdemeanor to a Class A misdemeanor." *Oliva,* 548 S.W.3d at 519. And the question was whether "the existence of a single prior conviction [is] an element of the offense or a punishment issue?" In finding it to be a punishment issue, the Court likened Section 49.09(a) to Section 12.42, which it observed presented a clear example of a statute identifying prior offenses as punishment enhancements as opposed to elements of the underlying offense. *See id.* at 531. Thus, while the CCA in *Oliva* had no occasion to directly hold that Section 12.42 regards prior convictions as a punishment issue, the court left little doubt that that is how it reads the statute. Neither party here has pointed the Court to authority from the CCA retreating from that position, and the Court is unaware of any.

7

an unreasonable application of federal law as clearly established by the United States Supreme Court.

As for an *ex post facto* claim, to the extent that he is making such a claim here, the CCA rejected it, and Louis fails to show that that decision was unreasonable. The trial court—in findings endorsed by the CCA—determined as follows:

> *Ground 3 – Ex post facto law*
>
> 7.) Applicant alleges in Ground 3 that use of his 1991 conviction to enhance was an *ex post facto* law before the law in 1991 did not allow such an enhancement. Application at 10;
>
> 8.) A conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement, and such usage is not an *ex post facto* law. *Vasquez v. State*, 477 S.W.2d 629, 632 (Tex. Crim. App. 1972);
>
> 9.) Applicant is not entitled to relief on Ground 3.

ECF No. 12-24 at 65. Louis fails to show that the CCA's rejection of this claim was unreasonable. To the contrary, it is well-established that "[r]ecidivist statutes . . . do not violate the *Ex Post Facto* Clause; they 'penalize the new criminal offense being enhanced rather than the prior offense used for enhancement and . . . statute[s] imposing a punishment on only future crimes [are] not an *ex post facto* violation.'" *Peace v. Stephens*, 2015 WL 1841406, at *3 (N.D. Tex. Apr. 20, 2015) (citing *Ex parte White*, 211 S.W.3d 316, 320 (Tex. Crim. App. 2007); *United States v. Rasco*, 123 F.3d 222, 227 (5th Cir. 1997); *Gryger v. Burke*, 334 U.S. 728, 732 (1948) ("The sentence as a fourth offender or habitual criminal is not to be viewed

8

as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.").

Accordingly, Louis fails to show that the CCA's rejection of his *ex post facto* claim was contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court, and he is not entitled to federal habeas relief in relation to it.

B. Louis procedurally defaulted his Eighth Amendment excessive punishment claim.

Louis also claims that his sentence is excessive in violation of the Eighth Amendment. *See* ECF No. 3 at 6. But Louis did not exhaust this claim, and, because he would be precluded from doing so now, it is procedurally defaulted.

To obtain federal habeas relief, a petitioner must first fully exhaust state remedies. *See* 28 U.S.C. § 2254(b). "To comply with the exhaustion requirement, a petitioner must 'fairly present his legal claim to the highest state court in a procedurally proper manner.'" *Arteaga v. Lumpkin*, 2022 WL 3702263, at *2 (S.D. Tex. Aug. 25, 2022) (citing *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015)). The federal claim "must be the substantial equivalent of the claim brought before the State court." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (cleaned up). "The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982);

*Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Indeed, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). "Rather, the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (quoting *Anderson*, 459 U.S. at 6).

Thus, "to exhaust a claim in Texas, a petitioner must present the claim in a procedurally proper manner to the state's highest court of criminal jurisdiction—[the CCA]—by taking one of these paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the [CCA]; or (2) he may petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the [CCA] once the trial court determines whether findings are necessary." *Arteaga*, 2022 WL 3702263, at *3 (citing TEX. CODE CRIM. PROC. art. 11.07 § 3); (*Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004)) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Here, Louis never presented an Eighth Amendment excessive punishment claim to the CCA—either through a PDR or a state habeas application. Rather, his PDR was focused on the argument that his sentence was illegally enhanced under state law. *See generally* ECF No. 12-22. He did claim in the PDR that the trial

10

court's enhancement of his sentence violated his federal due process rights and violated the *Ex Post Facto* Clause. *See* ECF No. 12-22 at 10. But he never mentioned the Eighth Amendment or the concept of an excessive punishment in violation of the federal constitution. In short, he never put the state court on notice that he was making an Eighth Amendment challenge, depriving that court of the first chance to pass on his claim. *See*, *e.g.*, *Berkley v. Quarterman*, 507 F.Supp.2d 692, 716 (W.D. Tex. 2007) ("The exhaustion doctrine requires that the petitioner present his federal claim in a manner reasonably designed to afford the State courts a meaningful opportunity to address same.").

Nor did he do so in his state habeas application. There, he presented three grounds for relief, none of which concerned excessive punishment under the Eighth Amendment. *See* ECF No. 12-24 at 33-37; *see also* ECF No. 50 (memorandum in support again referencing the Due Process and *Ex Post Facto* provisions of the Constitution, but not the Eighth Amendment or excessive punishment). In short, Louis failed to exhaust his Eighth Amendment excessive punishment claim.

Related to exhaustion is the concept of procedural default. "[I]f the prisoner fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred, the prisoner has defaulted those claims." *Coleman v. Dretke*, 395 F.3d 216, 220 (5th Cir. 2004) (citing *Nobles*, 127 F.3d at 420). Texas state law "prohibits Texas courts from considering the merits of, or granting relief based on,

11

a subsequent writ application filed after the final disposition of the inmate's first application unless he demonstrates cause or actual innocence." *Sefiane v. Director*, TDCJ-CID, 2022 WL 3999851, at *6 (E.D. Tex. July 18, 2022), *rec. accepted* 2022 WL 3974998 (E.D. Tex. Aug. 31, 2022) (citing TEX. CODE CRIM. PROC. art. 11.07 § 4); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("[T]he Texas abuse of the writ doctrine prohibits a second habeas petition absent a showing of cause, if the petitioner urges grounds therein that could have been, but were not, raised in the first habeas petition.")).

Here, because Louis failed to exhaust his second ground for relief, and because he would be precluded from returning to the CCA to exhaust it now based on Texas's abuse of the writ doctrine, his second ground for relief is procedurally defaulted.

When a petitioner procedurally defaults his federal claims by failing to follow applicable state procedural rules, the claims may be dismissed unless the petitioner demonstrates cause for the default and actual prejudice because of the alleged error, or that a miscarriage of justice will occur if the federal courts do not consider the claim. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Nelson v. Davis*, 952 F.3d 651, 662 (5th Cir. 2020). To show cause for the default, the petitioner "must establish that some objective factor external to the defense impeded his efforts to comply with the state procedural rule." *Sefiane*, 2022 WL 3999851, at *6 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996)). To show prejudice, the petitioner must show that the

12

error "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). "And a miscarriage of justice in this context means that the petitioner is actually innocent of the crime of which he was convicted." *Id.* (citation omitted). To show actual innocence in this context, the petitioner must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995).

Louis does not argue, much less show, that cause exists to excuse his procedural default. And based on the failure to show cause, the Court need not consider prejudice. *See, e.g., Prible v. Lumpkin*, 43 F.4th 501, 514 (5th Cir. 2022) (citations omitted). Nor has Louis shown that there will be a miscarriage of justice if the Court does not review his procedurally defaulted claim. In short, Louis procedurally defaulted his Eighth Amendment excessive punishment claim, so he is not entitled to federal habeas relief on that claim.

## Recommendation

For the foregoing reasons, the Court should DISMISS with prejudice Louis's § 2254 petition.

Signed November 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)